8/17/2021 9:29 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56367252
By: Courtni Gilbert
Filed: 8/17/2021 9:29 AM

CAUSE NO. _____

| | | |
|---|---|---|
| ZENA SMITH AND BOBBY BOURGEOIS | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| HAROLD KIDD AND GROENDYKE TRANSPORT, INC. | § | |
| | § | |
| | § | ____ JUDICIAL DISTRICT |
| Defendants. | § | |

## PLAINTIFFS' ORIGINAL PETITION AND JURY DEMAND

Plaintiffs Zena Smith and Bobby Bourgeois file this Original Petition and Jury Demand complaining of Defendants Harold Kidd and Groendyke Transport, Inc. (collectively referred to as "Defendants"), and would respectfully show the Court as follows:

### I.    DISCOVERY LEVEL

1.    Discovery may be conducted under Level 2 of the Texas Rules of Civil Procedure.

2.    Plaintiffs seek monetary relief of over $1,000,000.

### II.    NATURE OF ACTION

3.    This is a personal injury commercial car wreck case.

### III.    PARTIES

4.    Plaintiff Zena Smith ("Smith") is a Texas resident and lives in Harris County.

5.    Plaintiff Bobby Bourgeois ("Bourgeois") is a Texas resident and lives in Harris County.

Certified Document Number: 97391746 - Page 1 of 7

6.      Defendant Harold Kidd ("Kidd") is a Louisiana resident and may be served with process at 107 North Rosemont, Drive, Sulphur, Louisiana 70665, or wherever else he may be found.

7.      Defendant Groendyke Transport, Inc.  ("Groendyke") is a foreign entity doing business in Texas and may be served through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701, or wherever else it may be found.

## IV.      JURISDICTION & VENUE

8.      The Court has subject matter jurisdiction over this lawsuit because the amount in controversy exceeds this Court's minimum jurisdictional requirements.

9.      Venue and jurisdiction are proper in Harris County because Harris County is the county where all or a substantial part of the events or omissions giving rise to the claim occurred.

## V.      FACTS

10.      On or about November 16, 2019 Plaintiffs Zena Smith and Bobby Bourgeois, through no fault of their own, were involved in a severe motor vehicle collision caused by Defendants Harold Kidd and Groendyke Transport, Inc.

11.      At all times, Defendant Kidd was operating his motor vehicle within the course and scope of his employment with Defendant Groendyke.

## VI.      CAUSES OF ACTION AGAINST DEFENDANTS HAROLD KIDD AND GROENDYKE TRANSPORT, INC.

12.      Plaintiffs seek a finding and judgment that Defendant Kidd is liable under the following causes of action:

## A. NEGLIGENCE

13.     Plaintiffs were injured by Defendant Kidd's negligence, including but not limited to the following:

- Failing to keep a proper lookout
- Driving at speed that exceeded that which a reasonably prudent person in the same or similar circumstances would have driven
- Failing to control speed
- Failing to steer to avoid the collision
- Failing to obey traffic signs
- Failing to reasonably operate the motor vehicle
- Failing to brake to avoid the collision
- Failing to apply brakes in a timely manner
- Failing to sound horn to warn of the collision
- Failing to follow traffic signals
- Failing to pay attention to his surroundings
- Failing to act reasonably
- Other acts deemed to be negligent

14.     Defendant Kidd owed Plaintiffs a duty to not do the things above or to do them reasonably, he breached those duties, and the breaches proximately caused Plaintiffs' injuries.

## B. GROSS NEGLIGENCE

15.     Defendants Kidd and Groendyke's conduct, when viewed objectively, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others, and Defendants had actual subjective awareness of the risk involved but proceeded anyway with conscious indifference to the rights, safety, and welfare of others.  Defendants' actions were done with a reckless disregard to a substantial risk of severe bodily injury.  As such, Plaintiffs are entitled to punitive and/or exemplary damages.

## C. NEGLIGENCE PER SE

16.     Defendant Kidd's negligence is an unexcused breach of Chapters 544 and 545 of the Texas Transportation Code, which are intended to protect Plaintiffs, and their injuries are the

Certified Document Number: 97391746 - Page 3 of 7

kind the law was designed to protect against.  Defendant's acts and/or omissions proximately caused Plaintiffs' injuries.

### D.  RESPONDEAT SUPERIOR

17.     Defendant Groendke is liable for the torts committed by its employees, including Defendant Kidd, during the course and scope of their employment.

18.     Defendant Groendyke's employee (Defendant Kidd), while acting within the course and scope of his employment (and in furtherance of Defendant Groendyke's business), had a general duty to exercise reasonably care in performing his work.

19.     Defendant Groendyke's employee, however, failed to exercise the requisite standard of care under the circumstances.

20.     As a result, Defendant Groendyke is liable for the injuries sustained by Plaintiffs.

## VII.   DAMAGES

21.     As a direct and proximate result of the aforementioned acts and omissions of negligence by the Defendants, Plaintiffs sustained the following damages for which they are legally entitled to recover.

- Compensatory damages
- Actual damages
- Consequential damages
- Past medical care
- Future medical care
- Past lost income
- Future loss of earning capacity
- Past pain and suffering
- Future pain and suffering
- Past mental anguish
- Future mental anguish
- Past disfigurement
- Future disfigurement
- Past physical impairment
- Future physical impairment
- Past loss of household services

4

- Future loss of household services
- Past loss of consortium
- Future loss of consortium
- Interest on damages (pre- and post-judgment)
- Court costs
- Expert witness fees
- Deposition costs
- Attorneys' fees
- Property damage including storage and towing fees
- Exemplary damages
- Other relief as the Court may deem just and proper

## VIII.   CONDITIONS PRECEDENT

22.   All conditions precedent have been performed or have occurred.

## IX.   DEFENDANTS' CLAIMED AFFIRMATIVE DEFENSES

23.   Any affirmative defenses asserted by Defendants are factually and legally inapplicable, incorrect, and/or waived.

## X.   INCORPORATION

24.   Every foregoing and subsequent statement and sentence is incorporated into every other.  In other words, any headings or divisions should not be taken to mean facts and allegations from other sections or subsections are not included in a particular section or subsection.

## XI.   RES IPSA LOQUITUR

25.   The doctrine of res ipsa loquitur applies in this case because the event is of a kind which does not ordinarily occur in the absence of negligence; other responsible causes are sufficiently eliminated by the evidence; and the negligence is within the scope of Defendants' duties.

## XII.   JOINT LIABILITY

26.   Pleading in the alternative, Defendants and any other appropriate parties are jointly liable for Plaintiffs' harm under the theories of joint and several liability; acting in concert;

respondeat superior; agency; non-delegable duty; alter ego; actual and apparent authority; participatory liability; aiding and abetting; joint enterprise; and/or ratification.

## XIII.    MISNOMER AND ASSUMED NAMES

27.     In the event any parties are misnamed and/or not included herein, such entities are/were "alter egos."  Plaintiffs rely on Texas Civil Statutes Article 6133 and/or Texas Rule of Civil Procedure 28 to properly identify the corporate Defendant herein.

## XIV.    NOTICE OF INTENT TO USE DOCUMENTS

28.     Pursuant to Texas Rule of Civil Procedure 193.7, Plaintiffs give notice that they intend to use materials produced in this case against the producing party.

## XV.    JURY DEMAND

29.     Pursuant to Texas Rules of Civil Procedure 216, Plaintiffs hereby demand a trial by jury and tender the appropriate fee.

## PRAYER

Plaintiffs request that the Court grant Plaintiffs the relief requested above, hold any and all Defendants jointly and severally liable, and grant Plaintiffs all other just relief to which they are entitled.

Respectfully submitted,

STEWART J. GUSS, ATTORNEY AT LAW

/s/ Joshua A. Daws
Joshua A. Daws
TBN: 24101281
Ryan Berchelmann
TBN: 24078225
Jason J. Ruen
TBN: 24072316
12777 Jones Road, Suite 297
Houston, Texas 77070

6

(281) 664-6500
(281) 664-6501 Facsimile
General Correspondence Emails:
josh.daws@attorneyguss.com
E-Service: SJG-Service@attorneyguss.com
**\*E-Service is only accepted at the above
designated E-Service email address.**

**ATTORNEYS FOR PLAINTIFFS**

Certified Document Number: 97391746 - Page 7 of 7



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   September 13, 2021

Certified Document Number:        97391746 Total Pages:  7

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**